UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN ALMY, | Case No. 3:16-cv-00231-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| DWAYNE BAZE, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Kevin Almy, previously incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings suit under 42 U.S.C. § 1983 against correctional facility employees and officials, alleging they restricted his access to the courts and retaliated against him by moving him to different cells and prisons because he filed many grievances and several lawsuits. (ECF Nos. 38, 57-1.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 122), recommending that the Court grant Defendants' case-dispositive summary judgment motion ("Motion") (ECF No. 113) because Plaintiff's claims are barred by a prior settlement agreement in a related case. Plaintiff filed an objection to Judge Cobb's Recommendation.[1] (ECF No. 125-1.) As further explained below, the Court will overrule Plaintiff's objection because the Court agrees with Judge

---

[1]Plaintiff initially had until December 19, 2019 to object to the R&R. (ECF No. 122.) But the Court extended that deadline to January 15, 2020 and directed the Clerk of Court to send Plaintiff another copy of the R&R because Plaintiff filed a notice of change of address after Judge Cobb issued the R&R. (ECF No. 124.) On January 16, 2020, Plaintiff untimely filed a motion to accept Plaintiff's objection to the R&R—because he missed the revised deadline—along with an objection. (ECF Nos. 125, 125-1.) The Court granted Plaintiff's motion, permitting him to file his objection late. (ECF No. 126.) The Court thus reviewed Plaintiff's objection. (ECF No. 125-1.) The Court also reviewed Defendants' response to Plaintiff's objection. (ECF No. 127.)

Cobb's analysis of the Motion, and will fully adopt the R&R, resolving this case in Defendants' favor.

**II.  BACKGROUND**

The Court incorporates by reference Judge Cobb's recitation of the factual background of this case (ECF No. 122 at 1-4, 7-13, 17-18), and does not recite it here. As relevant to Plaintiff's objection, Judge Cobb recommends granting summary judgment to all Defendants—there are many—because the claims Plaintiff raises in this case are barred by a settlement agreement he entered into in a related case arising from a shared set of facts: Case No. 3:13-cv-00645-MMD-VPC (the "Settlement"). (*See generally id.*) Judge Cobb first found, through analysis of the Settlement itself, that it barred Plaintiff's claims to the extent they were based on conduct that occurred before October 6, 2016—the date of the settlement agreement. (*Id.* at 23.)

Judge Cobb then went on to find Plaintiff's claims were barred by the Settlement to the extent they were based on conduct that occurred on or after October 6, 2016 because he found no dispute of material fact that Plaintiff was not moved between correctional facilities from October 6, 2016 on, and was only moved between cells twice since then. (*Id.* at 23-25.) Notably, Judge Cobb found undisputed the fact "that between October 6, 2016 and August 7, 2017 (when he filed this action), Plaintiff was housed at NNCC [Northern Nevada Correctional Center] and was never transferred to another institution." (*Id.* at 25.) As support, Judge Cobb points in pertinent part to an exhibit to Defendants' Motion—NDOC's 'external movement history' for Plaintiff. (ECF No. 113-4 at 2.) Judge Cobb therefore recommends the Court grant summary judgment in Defendants' favor. (ECF No. 122 at 26.)

**III.  LEGAL STANDARDS**

**A.  Review of the Magistrate Judge's Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is

required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's objection to the R&R, the Court has undertaken a *de novo* review of it, including the underlying briefs.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.

1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Following a *de novo* review of the R&R, relevant briefs, and other records in this case, the Court finds good cause to accept and adopt Judge Cobb's R&R in full. The Court addresses below Plaintiff's objection.

Plaintiff primarily objects that Judge Cobb construed the Settlement too broadly. (ECF No. 125-1 at 4.) Plaintiff explains that he understood the Settlement to only resolve six discrete issues not at issue in this case. (*Id.*) But Plaintiff goes on to effectively concede the Settlement bars his claims in this case by shifting his argument to attack the Settlement as basically unfair, suggesting that the defendants' counsel in the case that ended in the Settlement intentionally used broad release language, and sought a settlement before a court-ordered settlement conference, "to preclude challenges in other pending cases." (*Id.* at 5; *see also id.* at 6.) This suggests that Plaintiff understands the Settlement bars his remaining claims in this case, but wishes it did not.

Having reviewed Judge Cobb's detailed analysis of the Settlement, along with the Settlement itself (ECF No. 113-3), the Court agrees with Judge Cobb that the Settlement precludes Plaintiff's remaining claims in this case. The best reading of the Settlement is it applies to any claims raised in that lawsuit, which, as Judge Cobb found, include the claims based on transfers between correctional facilities that underlie Plaintiff's claims in this case. (ECF No. 122 at 19-23.) Moreover, Plaintiff did not present any evidence or argument in his objection to contradict Judge Cobb's key factual finding in the R&R that Plaintiff was not moved from NNCC between the time he was brought there and when he filed this case. (*Id.* at 24-25; *see also* ECF No. 125-1 (declining to address this finding or present evidence that would undermine it).) In sum, the Court agrees with Judge Cobb's

4

thorough analysis of the Settlement and its preclusive effect on Plaintiff's claims in this case.

The Court will therefore adopt the R&R and grant Defendants' Motion.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 122) is accepted and adopted in full.

It is further ordered that that Defendants' motion for summary judgment (ECF No. 113) is granted.

The Clerk of Court is directed to enter judgment in Defendants' favor in accordance with this order and close this case.

DATED THIS 19th day of February 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE